UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN K. ELSASSER and
MARY S. ELSASSER,

                   Debtors-Appellants,

    -against-                          1:07-CV-1187
                                         (LEK)

BANK OF AMERICA CORPORATION,

                   Creditor-Appellee.

## DECISION AND ORDER

Currently before the Court is an appeal, filed by Debtors John and Mary Elsasser ("Debtors"), from a decision of the Bankruptcy Court of the Northern District of New York granting Creditor Bank of America Corporation's ("Creditor") Motion for summary judgment and dismissing Debtors' Complaint.  Dismissal Order (Dkt. No. 1, Attach. 1); Complaint (Dkt. No. 3, Attach. 5).  For the reasons described below, the decision of the Bankruptcy Court is affirmed.

## I.  BACKGROUND

On August 15, 2006, Debtors filed an Adversary Complaint against Creditor alleging that a number of Debtors' mortgage payments had not been properly posted to their account and instead had been intentionally misapplied to another account.  Complaint at ¶¶ 12, 58-59 (Dkt. No. 3, Attach. 5).  Debtors also alleged that Creditor filed a fraudulent proof of claim, and that the actions of Creditor were willful and intentional and caused the Debtors severe emotional and physical distress.  Id. at ¶¶ 30, 47, 54.

1

On August 15, 2007, Debtors filed a Motion for summary judgment in Bankruptcy Court. Bankruptcy Dkt. Rpt. (Dkt. No. 2, Attach. 4 at No. 30).  On August 27, 2007, Creditor submitted to the Bankruptcy Court a Motion to dismiss Debtors' Complaint by way of an application for an Order to Show Cause.  Order to Show Cause (Dkt. No. 6, Attach. 1).  The Bankruptcy Court issued the Order to show cause, and Debtors filed their opposition to Creditor's Motion to dismiss on August 30, 2007.  Creditor responded in opposition to Debtors' Motion for summary judgment on August 30, 2007.  Bankruptcy Dkt. Rpt. (Dkt. No. 2, Attach. 4 at No. 36).  A hearing on both Motions was held on September 4, 2007.  The court denied Debtors' Motion and treated Creditor's Motion to dismiss as a Motion for summary judgment, and dismissed Debtors' Complaint.  Dismissal Order (Dkt. No. 1, Attach. 1).

## II. DISCUSSION

### A.      Standard of Review

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that district courts "may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.  In reviewing findings of fact of a bankruptcy court, a district court applies a clearly erroneous standard of review.  Id. ("Findings of fact . . . shall not be set aside unless clearly erroneous . . . ."); see also In re Adelphia Commc'n Corp., 367 B.R. 84, 90 (S.D.NY. 2007) ("Findings of fact are reviewed for clear error.").  Conclusions of law made by a bankruptcy court are reviewed de novo by a district court.  See Adelphia, 367 B.R.at 90–91.

**B.      Analysis**

**1. Bankruptcy Court's Departure from the Local Rules**

Debtors argue that the Bankruptcy Court erred in accepting Creditor's response to

Debtors' Motion for summary judgment because Creditor's response papers were filed after the

date required by Local Rule 9013(f).  Plaintiffs claim that the court did not have discretion to

deviate from Local Rule 9013(f)(1), which states that

> [u]nless otherwise ordered by the court for cause shown, answering papers in
> opposition shall be filed and served for every written motion other than one which
> may be considered ex parte or  on shortened notice as ordered by the court.
> Answering papers and any opposing memoranda shall be served and filed so as to be
> received no later than three business days before the return date of the motion and
> shall identify the hearing date, time and place at the top of the page.

L.R.N.D.N.Y. 9013(f).

Notwithstanding Local Rule 9013(f), courts have "inherent power to decide when a

departure from its [sic] Local Rules should be excused or overlooked, and their inherent

discretion to depart from the letter of the Local Rules extends to every Local Rule regardless of

whether a particular Local Rule specifically grants the judge the power to deviate from the Rule."

In re Spielfogel, 237 B. R. 555, 561 (E.D.N.Y. 1999).  In exercising such discretion, courts are

guided by the standard set out by the Second Circuit in Somolyo v. J.  Lu-Rob Enter. Inc., 932

F.2d 1043 (2d Cir. 1991), which stated:

> [t]he district court should ask whether the application of the letter of Local Rules to
> a particular case would cause an unjust result.  If faced with potential unfairness, the
> district court should tailor the Local Rules to best achieve a just outcome. . . . [T]he
> district court's determination of fairness may include, but is not limited to, a
> consideration of the facts of the case, the content and goal of the Local Rules, the
> legal precedent on analogous issues, and the letter and legislative intent of any

relevant statute.

Id. at 1049.

Pursuant to Local Rule 9013(f), Creditor's response papers were due by August 29, 2007. Debtors' Br. at 6 (Dkt. No. 9). Creditor filed these papers on August 30, 2007. Bankruptcy Dkt. Rpt. (Dkt. No. 2, Attach. 4 at No. 36). Reviewing the Bankruptcy Court's application of the Local Rules de novo, the Court finds that the Bankruptcy Court acted well within the discretion provided by the Local Rules and the Second Circuit in finding that the late filing did not produce unfairness or an unjust result.

**2. Order to Show Cause**

Debtors also argue that Creditor's application for an Order to show cause should not have been granted because Creditor failed to satisfy the requirements of Local Rule 9013-5(d) and that, as a result, Creditor's Motion to dismiss should not have been entertained. Debtors' Br. at 8 (Dkt. No. 9).

Local Rule 9013-5(d) states that an order to show cause may not be granted unless accompanied by "a clear and specific showing by affidavit of good and sufficient reasons why procedure other than by notice of motion is necessary or in the case of a genuine emergency." L.R.N.D.N.Y. 9013-5(d). The affidavit of Creditor's attorney, which was annexed to the show cause application, stated that the Order to show cause was necessary because Creditor did not receive affidavits supporting its Motion to dismiss until shortly after the deadline for filing dispositive motions. Attorney Aff. at ¶¶ 2-3 (Dkt. No. 5, Attach. 12). Debtors claim that these affidavits are irrelevant to Creditor's Motion to dismiss and that Creditor's failure to timely file

4

its Motion to dismiss is not a "good and sufficient reason" under Local Rule 9013-5(d).  Debtors'
Br. at 9 (Dkt. No. 9).

The Court disagrees.  To begin with, it appears that the affidavits were highly relevant to
Creditor's Motion to dismiss, as they presented information that, in some instances, directly
contradicted Debtors' allegations.  See Bankruptcy Dkt. Rpt. (Dkt. No. 2, Attach. 5, Nos. 7, 12);
Creditor's Response at 10 (Dkt. No. 10).  Creditor's affidavit complied with Local Rule 9013-
5(d); thus satisfied, the Bankruptcy Court is empowered with a significant amount of discretion
to grant a show cause hearing.  Based on these facts, the Bankruptcy Court clearly had a
cognizable rationale for allowing the show cause hearing, and did not commit reversible error by
granting Creditor's application for an Order to show cause.

### 3.  Debtors' Motion for Summary Judgment

Debtors argue that the Bankruptcy Court erred in denying their Motion for summary
judgment and granting Creditor's Motion to dismiss.  Complaint (Dkt. No. 3, Attach. 5).
Debtors' Adversary Complaint alleged, among other things, that Creditor intentionally
misapplied a number of Debtors' mortgage payments to a different account and that Creditor
violated 11 U.S.C. § 524 by intentionally filing a fraudulent proof of claim in an attempt to
collect a discharged debt.  Id.  As described above, the Court applies a "clearly erroneous"
standard of review when determining whether to set aside the factual determinations of the
Bankruptcy Court.  Fed. R. Bankr. P. 8013.

Creditor submitted with its Motion to the Bankruptcy Court an affidavit of Shelley A.
Andrees, Assistant Vice President and Legal Support Analyst for Creditor, which stated that

Debtors listed Creditor's address on their bankruptcy schedule as P.O. Box 53148, Phoenix, Arizona, 85072. Andrees Aff. at ¶ 15 (Dkt. No. 5, Attach. 7). In her affidavit, Andrees explained that Debtors mailed six mortgage payments to the Arizona address, which was the address for Creditor's credit card processing center but the incorrect address for receipt of mortgage payments. Id. at ¶ 20. Mortgage payments were supposed to be mailed to 475 Crosspoint Parkway, Box 9000, Getzville, New York, 14068, and all of Debtors' payments before filing for bankruptcy were in fact mailed to the later address. Patterson Aff. at ¶ 27 (Dkt. No. 5, Attach. 11).

Creditor also submitted an affidavit by Andrea Celli, the Chapter 13 Trustee assigned to Debtors' case. Celli Aff. (Dkt. No. 5, Attach. 8). According to the Trustee, the payments mailed to the Arizona address were reversed and credited to Debtors' mortgage account shortly after the mistake was discovered. Id. at ¶¶ 29-30. A copy of Debtors' payment history confirms that these payments were, in fact, credited to Debtors' mortgage account. Transaction History (Dkt. No. 4, Attach. 4). Celli states that, upon notification that the address provided by Debtors was incorrect, all subsequent payments made by Debtors were mailed to the correct New York address. Celli Aff. at ¶¶ 15-16 (Dkt. No. 5, Attach. 8).

Debtors also allege that Creditor attempted to collect on a discharged debt in violation of 11 U.S.C. § 524 by filing a proof of claim on Debtors' Bank of America credit card account. Celli noted in her affidavit that the proof of claim on Debtors' credit card account was filed because, as a result of Debtors listing the Arizona address, Creditor's credit card processing center received a bankruptcy notice. Celli Aff. ¶¶ 19-20 (Dkt. No. 5, Attach. 8. The proof of claim was, according to Celli, withdrawn once Creditor discovered that it was filed in error. Id.

6

at ¶ 21.

The evidence supports the Bankruptcy Court's conclusion that Creditor promptly corrected the misdirected payments upon learning of the mistakes, properly credited the payments to Debtors' mortgage account, and withdrew the proof of claim.  Accordingly, the Bankruptcy Court did not err in granting Creditor's Motion for summary judgment and dismissing Debtors' Complaint.

## III.  CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED,** that the decision of the Bankruptcy Court (Case No. 04-13250, Adv. Proc. No. 06-90207) (Littlefield, B.J.) dated October 10, 2007 is **AFFIRMED;** and it is further

**ORDERED**, that Appellant's appeal is **DISMISSED**; and it is further

**ORDERED,** that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**

DATED:        April 24, 2008
             Albany, New York

Lawrence E. Kahn
U.S. District Judge